[Docket Nos. 10, 15 and 21]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DOMINICK W. ANDREWS, <br><br>        Plaintiff, <br><br>   v. <br><br>UNITED STATES OF AMERICA, et al., <br><br>        Defendants. | Civil No. 12-2516 (RMB/JS) <br><br>**MEMORANDUM OPINION AND ORDER** |

This matter is before the Court upon several motions:

1.  a motion to dismiss for lack of jurisdiction by Defendants New Jersey Attorney General, New Jersey State Police, and State of New Jersey (the "State Defendants") [Docket No. 10];

2.  a motion to dismiss filed by Defendants Atlantic County Prosecutors, Atlantic County Sheriff, and Atlantic County New Je3rsey (the "County Defendants") [Docket No. 15];

3.  a motion to dismiss for lack of Jurisdiction by Defendants Federal Bureau of Investigation, and the United States of America (the "Federal Defendants") [Docket No. 21].[1]

---

[1] The County Defendants also filed a motion to vacate entry of default [Docket No. 14]. Plaintiff appears to concede this motion. See Docket No. 18. In any event, the entry of default as to the County Defendants is warranted. First, lifting the default would not prejudice Plaintiff as the claims asserted lack merit. Second, as set forth herein, Defendants have presented a meritorious defense. Third, the Court finds the Defendants' conduct excusable. Finally, there is no other acceptable sanction given the lack of merit of Plaintiff's complaint. See

Case 1:12-cv-02516-RMB-JS   Document 30   Filed 10/24/12   Page 2 of 10 PageID: 346

**I.    Background**

This action was commenced on May 24, 2012. In the lengthy 34 page complaint, containing 204 separate paragraphs, Plaintiff Dominick Andrews alleges that the Federal, County and State Defendants have violated his Federal and New Jersey civil and constitutional rights by not protecting him from crimes allegedly committed against him by his uncle.[2] Andrews alleges that these Defendants have failed to prosecute his uncle and have failed to stop the uncle from attempting to collect on court judgments the uncle has obtained against Andrews (apparently in the Superior Court of New Jersey), totaling $600,000.00.  He also asserts that the various defendants have all breached fiduciary duties owed to him, inflicted severe emotional distress, and caused loss of income and quality of life.  Defendants generally aver that Plaintiff, without any legal basis, is attempting to avoid his liability for the judgments entered against him and in favor of his uncle by alleging that the Defendants are unlawfully complicit in causing these judgments to be entered against him.

**II.    Legal Analysis**

**A.    Federal Defendants' Motion**

It is long and well established that the United States, its

---

Emcasco Ins. Co. V. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987)

[2]    Andrews alleges he was the victim of his uncle's sexual abuse. (Complaint, ¶ 21.)

agencies and instrumentalities, are immune from suit except as Congress has expressly consented and that upon such consent, suit may be brought only in accordance with the strictest observance of and adherence to its statutory terms.  Moreover, the precise terms of that consent define any court's jurisdiction to entertain an action brought pursuant to it.  See, e.g., Federal Aviation Admin. v. Cooper, (2012); Orff v. United States, 545 U.S. 596, 601-02 (2005); United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); Department of the Army v. Blue Fox, Inc., 525 U.S. 255, 260-61 (1999).

In his complaint, Plaintiff raises numerous asserted causes of action against the Federal Defendants, primarily based on theories of violation of specified rights under the Constitution of the United States or the State of New Jersey. (Complaint, Counts One through Seven.)[3]  However, it is well recognized that the sovereign immunity of the United States and its agencies against such claims has not been waived by Congress. As a result, the action is barred and the Court is without subject matter jurisdiction over the various constitutional claims Andrews raises.  See, F.D.I.C. v. Meyer, 510 U.S. 471, 483-84 (1994); Bethea v. Roizman, 2012 WL 2500592, *25-26 (D.N.J. June 27,

---

[3] The Court assumes that plaintiff is proceeding under the constitutional tort theory established in Bivens v. Six Unknown Named Federal Agents, 403 U.S. 388 (1971), which recognized a cause of action against individual federal officials for violations of federal constitutional rights.

2012); Wilson v. City of Cherry Hill, 2011 WL 3651274, *6 (D.N.J. Aug. 18, 2011); Abulkhair v. Bush, 2010 WL 2521760, *4 (D.N.J. June 14, 2010), aff'd 413 Fed. Appx. 502 (3d Cir. 2011). In addition, Congress has made it explicitly clear that the United States cannot be sued for alleged violations of federal constitutional or statutory rights. 28 U.S.C. § 2679(b)(2).

Moreover, in the absence of an express waiver, the Federal Defendants cannot be liable for the purported violation of rights established under the New Jersey Constitution, as the Defendants are similarly immune from any such claims. E.g., Bethea, supra 2012 WL 2500592 at *25. As the Plaintiff in this action, it is Andrews' burden to plead and demonstrate that the Court has subject matter jurisdiction over the claims he is attempting to pursue. Fed. R. Civ. P. 8(a)(1); Lightfoot v. United States, 564 F.3d 625, 627 (3d Cir. 2009); Grand Entertainment Group v. Star Media Sales, Inc., 988 F.2d 476, 482 (3d Cir. 1993); Smith v. United States, 2009 WL 2059421, *2 (D.N.J. July 7, 2009). In fact, because federal courts are courts of limited jurisdiction, in the absence of the necessary waiver, the presumption is that there is no jurisdiction. E.g., Marcus v. Kansas Dept. of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999). See also, Philadelphia Federal Teachers [Etc.] v. Ridge, 150 F.3d 319, 323 (3d Cir. 1998), quoting Renne v. Geary, 501 U.S. 312, 316 (1991).

Accordingly, Counts One through Seven of the Complaint are

dismissed as against the Federal Defendants.  As to the remaining three counts, sounding in tort  in which Andrews raises conclusory allegations, they are governed by the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. ("FTCA").  The FTCA is recognized as a limited waiver of the sovereign's immunity from suit.  Fields v. United States, 2010 WL 715720, *2 (D.N.J. Feb. 24, 2010), citing Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003).  The only proper defendant in an action brought under it is the United States itself, and not a federal agency. 28 U.S.C. §§ 1346(b)(1), 2674, 2679(a); Doughty v. United States Postal Service, 359 F. Supp. 2d 361, 363 n.1 (D.N.J. 2005).  In addition, pursuant to the express requirements of 28 U.S.C. § 2675(a),

> An action *shall not be instituted* upon a claim against the United States for money damages for . . . for personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and the claim shall have been finally denied in writing . . . . The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . .

Id. (emphasis supplied).  Under this provision, an FTCA claimant must file an administrative claim with the responsible federal agency *before* instituting suit.  The provisions of § 2675(a) are deemed jurisdictional and not subject to waiver.  Lightfoot, 564 F.3d at 626-27; Deutsch v. United States, 67 F.3d 1080, 1091 (3d

5

Cir. 1995).

The Federal Defendants have produced evidence, conceded by Andrews, that Andrews failed to present an administrative tort claim prior to commencing this action. Consequently, for this reason Counts Eight through Ten are dismissed.[4]

**B.     The State Defendants' Motion**

The State Defendants argue that Plaintiff's claims against them are barred by the Eleventh Amendment. The Eleventh Amendment provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It has long been established that the Eleventh Amendment bars suits for damages brought by citizens against their own State. Hans v. Louisiana, 134 U.S. 1, 15 (1890). The protection from suit enjoyed by States under the Eleventh Amendment extends to its agencies, and departments. Haybarger v. Lawrence County Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008). There is no question that the

---

[4] The Federal Defendants also argue that even if Plaintiff had presented the required administrative claim, the decisions whether to prosecute or investigate, and how to investigate, are matters of administrative discretion on which no liability can be grounded under the FTCA's discretionary function exception. 28 U.S.C. § 2680(a); Pooler v. United States, 787 F.2d 868, 870-72 (3d Cir. 1986). Because this Court has dismissed these claims, the Court need not address this issue.

Office of the Attorney General and the New Jersey State Police fall within the confines of Eleventh Amendment immunity. Dorsett v. N.J. State Police, 2007 U.S. Dist. LEXIS 10512 (D.N.J. Feb. 15, 2007); Oliver v. Dow, 2011 U.S. Dist. LEXIS 16534 (D.N.J. Feb. 17, 2011).

There are two primary exceptions to sovereign immunity: the first is when a state consents to suit; the second is when a federal statute abrogates sovereign immunity consistent with Congress' power to enforce the Fourteenth Amendment. College Sav. Bank v. Fla. Prepaidpostsecondary Ed. Expense Bd., 527 U.S. 666, 670 (1999).

Here, Andrews has asserted Section 1983, New Jersey Civil Rights Act, and New Jersey common law claims. These claims, however, are barred by the Eleventh Amendment. None of the exceptions to Eleventh Amendment immunity apply. None of the State Defendants have consented to suit in this case. Section 1983, the only federal statute at issue here, does not abrogate Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332, 343 (1979). Accordingly, the State Defendants' motion will be granted.

**C.** **The County Defendants' Motion**

The County Defendants argue first, that the Complaint is silent as to any allegations against Defendant Atlantic County. Thus, Atlantic County shall be dismissed. Second, as to

Defendant Atlantic County Sheriff, such Defendant is not a "person" under § 1983 and, as such, cannot be subject of a lawsuit with regard to the § 1983 claims.  See Monell v. New York City Dep't. Of Social Servs., 436 U.S. 658 (1978).  See, McLaughlin v. Cnty. of Gloucester, 2008 WL 700125, *2 (D.N.J. March 12, 2008)(dismissing § 1983 claim against sheriff's department because it was not a proper defendant under the statute.)  This claim will be dismissed.

As to all remaining claims against the County Defendants, they correctly point out, as Plaintiff concedes, that Plaintiff has not filed the requisite notice of Tort Claim pursuant to N.J.S.A. 59:8-3.  Accordingly, all claims will be dismissed against the County Defendants.[5]

**Conclusion**

For the above reasons, each of the pending motions will be granted and the Complaint will be dismissed without prejudice. Plaintiff seeks leave to amend the Complaint [Docket No. 29], and at this stage, the Court cannot determine whether the filing of an amended complaint would be futile.  Accordingly, the Plaintiff may have this case reopened if, within 45 days of the date of the

---

[5] The County Defendants also argue, correctly, that the doctrine of absolute immunity shields prosecutors from liability for actions, or inactions, related to their official duties. Imbler v. Pachtman, 424 U.S. 409, 417-19 (1976).  Prosecutors are absolutely immune from liability for money damages under § 1983 for acts "within the scope of 'their' duties for initiating and pursuing a criminal prosecutor."  Id. at 410.

entry of this Memorandum Opinion and Order, Plaintiff files an amended complaint.  The Court stresses that Plaintiff shall prepare his amended pleading in strict compliance with the guidance provided in this Memorandum Opinion and Order.

   IT IS ON THIS **24th** day of **October** **2012**, **ORDERED** that the Clerk shall administratively terminate this matter; and

   IT IS FURTHER **ORDERED** that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if this case is reopened pursuant to the terms of this Order, it is not thereby subject to the statute of limitations bar, provided the original complaint was timely.  See Houston v. Lack, 487 U.S. 266 (1988); McDowell v. Delaware State Police, 88 F.3d 191 (3d Cir. 1996); and

   IT IS FURTHER **ORDERED** that Plaintiff may have this case reopened if, within 45 days of the date of the entry of this Memorandum Opinion and Order, Plaintiff files his amended complaint in strict compliance with the guidance provided to Plaintiff in this Memorandum Opinion and Order, and

   IT IS FURTHER **ORDERED** that, in the event Plaintiff timely files his amended complaint, the Court will direct the Clerk to reopen this matter for consideration.

                                       s/Renée Marie Bumb
                                       RENÉE MARIE BUMB

                                       9

UNITED STATES DISTRICT JUDGE